**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE<br><br>Plaintiff,<br><br>v.<br><br>AMAZON MDT1 FULFILLMENT CENTER<br>2 Ames Drive<br>Carlisle, PA 17015<br><br>And<br><br>AMAZON.COM, INC.<br>440 Terry Ave North<br>Seattle, WA 98109<br><br>Defendants | JURY DEMANDED |

## CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1. Plaintiff, JANE DOE (hereinafter "Plaintiff") is an adult individual residing in Pennsylvania.

2. Defendant, AMAZON MDT1 FULFILLMENT CENTER is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania, and having a principal place of business at the above captioned address.

3. Defendant, AMAZON.COM, INC. is a business corporation organized by and operating under the laws of the State of Washington and owning, operating and doing business at the above captioned address.

4. At all times material hereto, Defendant AMAZON MDT1 FULFILLMENT CENTER and Defendant AMAZON.COM, INC. are acting together, in concert, by and on each

other's behalf. At all times material hereto, Defendant AMAZON MDT1 FULFILLMENT CENTER and Defendant AMAZON.COM, INC. were Plaintiff's employer(s).

5. Defendant AMAZON MDT1 FULFILLMENT CENTER and Defendant AMAZON.COM, INC. are hereinafter collectively referred to as Defendants.

6. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission.)

7. This action is instituted for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000 et seq.) Plaintiff was constructively terminated, subjected to a sexually hostile work environment and subjected to retaliation after complaining of sexual harassment.

8. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

9. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. §1367.

10. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district, because Defendants conduct business in this district, and because a substantial part of the acts, conduct and/or omissions giving rise to the claim set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal conduct by Defendants, as set forth herein. At all times material hereto, Plaintiff was working out of Defendants' Carlisle, Pennsylvania address.

**II. Operative Facts.**

11. On or about November 4, 2024, Defendants hired Plaintiff as a Warehouse Health and Safety Manager, working out of their Fulfillment Center located in Carlisle, Pennsylvania as captioned above.

12. At all times material, Plaintiff was qualified for her position with Defendants and performed her job duties without issue or incident.

13. On or about January 8, 2025, Plaintiff attended a business trip to Nashville, TN with other employees of Defendants.

14. During the course of the night, Plaintiff attended dinner and had drinks with other employees of Defendants.

15. Defendants group of employees, including Plaintiff stopped at a few different bar locations before making their way back to the hotel.

16. Plaintiff does not recall being at the last bar the group stopped at, nor does she have any recollection of getting back to the hotel at all.

17. The following morning, Plaintiff awoke in pain and was horrified to see one of Defendants' employees naked in the bed beside her.

18. Plaintiff asked her co-worker what happened; he said he "didn't know" and quickly rushed out of Plaintiff's room, which was in complete disarray with all of her belongings strewn about.

19. Plaintiff did not drink enough to become "blackout drunk" or otherwise visibly intoxicated, Plaintiff concluded she had been drugged and then sexually assaulted by her co-worker.

20. Additionally, as Plaintiff did not recall a large portion of the previous night, she would have been in no condition to give her consent for a sexual encounter.

21. Plaintiff attempted to attend Defendants' training that afternoon, but as she was visibly unwell, Plaintiff was eventually convinced to go to the hospital, and another of Defendants' employees accompanied Plaintiff to the emergency room.

22. Upon returning home from Nashville, and due to the stress and trauma of what she had endured, Plaintiff called out of work for a few days.

23. On or about January 24, 2025, Plaintiff made a report to Defendants' Human Resources department regarding the incident that had occurred in Nashville.

24. After approximately two (2) weeks, Defendants' Loss Prevention department contacted Plaintiff, and asked her to repeat her accounting of that night, which Plaintiff did.

25. Defendants then told Plaintiff she needed to report the incident to the police; Plaintiff did so on February 5, 2025.

26. Following Plaintiff filing a police report, Defendants' Loss Prevention informed Plaintiff that Defendants "couldn't do anything" and that Plaintiff would just have to "let the police handle it."

27. During this time, as Plaintiff's assailant worked within the same region as Plaintiff, she was forced to see him and/or interact with him, forcing her to relive her trauma over and over again.

28. As a result, Plaintiff began to suffer a decompensation in her mental health, and was advised by her therapist to try and take time off from work to try and heal.

29. Plaintiff attempted to file for Defendants' "victim of a crime" leave, only to be informed that it would be unpaid.

30. Plaintiff was also informed that if she took a medical leave, she would only be paid at 60% of her salary, which was a pay reduction which was not feasible for Plaintiff.

31. On or about February 27, 2025, Plaintiff applied for a hardship transfer, requesting to be moved to a different site where she would not be forced to interact with her assailant; Defendants refused this request.

32. Plaintiff requested an accommodation to be allowed to work from home; this, too, was denied as Defendants insisted that Plaintiff's position was required to be on-site.

33. As Plaintiff was receiving no support or assistance, on or about March 6, 2025, Plaintiff reached out to Defendants' ethics department, Human Resources director, director of operations, as well as the director of NACFWHS to make a second complaint.

34. Following this second complaint, Plaintiff's assailant was placed on a paid suspension while Defendants investigated.

35. However, on April 25, 2025, Defendants concluded their investigation into Plaintiff's report, and returned a finding of "unsubstantiated", stating there "wasn't enough evidence" and no further action was taken against her assailant, who was allowed to return to work without issue.

36. Plaintiff continued to try and make attempts to secure a transfer to a different location, but as Defendants were unwilling to relocate her, Plaintiff was again forced to work with her assailant and relive her trauma daily, to the severe detriment to her own physical health and wellbeing.

37. As a result, Plaintiff was forced to undertake a medical leave.

38. As Plaintiff was unable to receive any recourse from Defendants, she was constructively terminated in or around November of 2025.

39. At all times material hereto, Defendants created and maintained a hostile work environment that Plaintiff was subjected to and required to work in and around.

40. At all times material hereto, Defendants fostered an atmosphere of tolerance for sexual harassment of women, including Plaintiff, within Defendants' place of business.

41. Defendants constructively terminated Plaintiff's employment by refusing to properly address her sexual harassment complaint.

42. As described above, Defendants were hostile to Plaintiff's diagnosed disability and need for medical leave, refused to engage in a back and forth discussion regarding an accommodation, and constructively terminated her as a result of that animus.

43. As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

## III. Causes of Action.

### COUNT I
### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)

44. Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45. Defendants employed fifteen (15) or more employees from 2024 through 2025.

46. As described above, Plaintiff was sexually assaulted by her co-worker while employed by Defendants and then was forced to continue to work with him despite repeated attempts to be relocated.

47. The aforementioned action and conduct was severe, pervasive and continuous, and created a hostile work environment for Plaintiff.

48. Defendants' conduct, as set forth above, violated Title VII of the Civil Right Act of 1964.

49. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages including by not limited to: great economic loss, future lost earning capacity, lost opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress, mental anguish, humiliation, personal injury type damages, pain and suffering, consequential

damages, as well as a work loss, loss of opportunity and a permanent diminution of her earning power and capacity, and a claim is made therefore.

**COUNT II**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Retaliation; 42 U.S.C.A. § 2000 et seq)**

50. Plaintiff incorporates paragraphs 1-49 as if fully set forth at length herein.

51. Defendants constructively terminated and took other adverse action against Plaintiff's employment in retaliation for her complaints and/or opposition to the sexual assault.

52. Defendants' conduct, as set forth above, violated Title VII of the Civil Rights Act of 1964.

53. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

54. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

55. Pursuant to the Title VII of the Civil Rights Act of 1964, et seq Plaintiff demands attorneys fees and court costs.

**COUNT III**
**EMPLOYMENT DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

56. Plaintiff incorporates paragraphs 1-55 as if fully set forth at length herein.

57. Defendants took adverse action against Plaintiff by terminating her employment.

58. Plaintiff's status as a woman places her in a protected class.

59. Plaintiff was subjected to disparate treatment and a hostile work environment during her employment with Defendants.

60. Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to constructively terminate her employment.

61. Plaintiff suffered disparate treatment by Defendants, as set forth above.

62. As such, Defendants' decision to constructively terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

63. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

64. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

65. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

**COUNT IV**
**AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C.A. § 12101 et seq)**
**(Plaintiff v. Defendants)**

66. Plaintiff incorporates paragraphs 1-65 as if fully set forth at length herein.

67. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

68. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

68. Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

69. At all times material hereto, Plaintiff had a qualified disability, as described above.

70. Defendants failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

71. Defendants' conduct in constructively terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

72. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

73. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

74. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

**COUNT V**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(P.S. §951, et sec)**

75. Plaintiff incorporates paragraphs 1-74 as if fully set forth at length herein.

76. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based sex.

77. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

78. Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

79. As described above, Plaintiff, in the course and scope of her employment, was subjected to a sexually harassing and hostile work environment and constructively terminated from employment and retaliated against after making a complaint of sexual harassment.

80. Defendants failed to remedy the sexual harassment despite actual or constructive knowledge.

81. Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

82. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering,

consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

83. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

84. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff JANE DOE demands judgment in her favor and against Defendants jointly and severally, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:________________________

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff, Jane Doe

Date:________